UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CODY ALLEN CARR,** : | |
| Plaintiff : | CIV. ACTION NO. 3:24-CV-1085 |
| v. : | (JUDGE MANNION) |
| **SEAN BORDEN**, *et al.*, : | |
| Defendants : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, plaintiff's claims against defendant Kothe will be dismissed, plaintiff's claims against all other defendants will be dismissed or severed from this case as misjoined in violation of Federal Rule of Civil Procedure 20, and plaintiff will be granted leave to file an amended complaint with respect to his deliberate indifference claim against Kothe only.

**I.   BACKGROUND**

Plaintiff, Cody Allen Carr, a pretrial detainee in Dauphin County Prison, brings the instant case pursuant to 42 U.S.C. §1983. Carr's complaint alleges civil rights violations based on four separate and completely distinct incidents: (1) defendant Kothe's purported denial of Carr's request to require Carr to be separated from his ex-boyfriend, who was employed in Dauphin

County Prison as a correctional officer in June 2022; (2) various defendants' purported failure to protect Carr from the risk of harm by another inmate, D.S., beginning in March 2023; (3) various defendants' purported failure to protect Carr from sexual harassment by defendant Hinkle, a correctional officer in the prison, beginning in November 2023; and (4) various defendants' purported interference with Carr's ability to send mail to various state and federal courts beginning in April 2022. (*See* Doc. 1). The complaint is before the court for a preliminary screening pursuant to 28 U.S.C. §1915(e)(2)[1] and 28 U.S.C. §1915A.[2]

---

[1] 28 U.S.C. §1915(e)(2) provides:

> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>    **(A)** the allegation of poverty is untrue; or
>    **(B)** the action or appeal—
>       **(i)** is frivolous or malicious;
>       **(ii)** fails to state a claim on which relief may be granted; or
>       **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. §1915A provides:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## II. MISJOINDER

Because the complaint contains claims that are obviously misjoined in violation of Federal Rule of Civil Procedure 20, the court will address this joinder issue at the outset in the interest of judicial economy.

Under Rule 20, claims against multiple defendants may be joined in the same action only if:

> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

A district court has two options when a plaintiff has misjoined claims: (1) dismiss the misjoined claims without prejudice on "just terms" or (2) sever the claims into separate lawsuits. Fed. R. Civ. P. 21; *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). The statute of limitations for claims that

---

> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

are dismissed without prejudice are not tolled because the initial complaint is treated "as if it never existed." *Id.* (quoting *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005)). When, on the other hand, the claims are severed, "the suit simply continues against the severed defendant in another guise." *Id.* (citing *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999)).

District courts have discretion to choose whether to dismiss or sever misjoined claims but may only dismiss the claims if doing so would be just, "that is, if doing so 'will not prejudice any substantial right'" of the plaintiff. *Id.* (quoting *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972)). "Hence, a court must analyze the consequences of a dismissal on a claimant's ability to meet the statute of limitations prior to choosing dismissal over severance." *Id.*

In this case, Carr has asserted civil rights claims based on four completely distinct events that are not connected in any way other than the fact that they occurred while he was incarcerated in Dauphin County Prison. There is no basis for these claims to be joined under Rule 20. The court will accordingly allow this case to proceed solely as to Carr's claim against defendant Kothe because that is the first claim mentioned in the complaint.

To determine whether dismissal or severance of the other claims is appropriate, the court must consider the plaintiff's ability to comply with the

4

applicable statute of limitations in the event the claims are dismissed. *DirecTV, Inc.*, 467 F.3d at 845. Section 1983 civil rights claims arising from actions that occurred in Pennsylvania are subject to Pennsylvania's two-year statute of limitations for personal injury actions. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Carr's claims arising from the alleged failure to protect him from assault by D.S. and failure to protect him from sexual harassment by defendant Hinkle will be dismissed without prejudice. These allegedly wrongful actions did not begin until March 2023 and November 2023, respectively, meaning there would not be any potential statute of limitations concerns until March 2025 at the earliest.

Carr's claims arising from defendants' purported interference with his mail will be severed from this case and opened in a new lawsuit. The alleged interference with Carr's mail began in April 2022, meaning that at least some of the facts related to these claims may be time barred if the claims were dismissed. The court accordingly finds that severance of these claims, rather than dismissal, is necessary in the interest of justice. The claims will be reopened in a new case on this court's docket. Carr will be required to file an amended complaint with respect to these claims and pay a separate filing

5

fee or file a separate motion for leave to proceed *in forma pauperis* in the new case.[3]

Having determined that the above-captioned case will proceed solely as to plaintiff's claims against defendant Kothe, the court will summarize the factual allegations that are pertinent to those claims.

### III.   ALLEGATIONS AGAINST KOTHE

The complaint alleges that on December 21, 2014, during a previous incarceration in Dauphin County Prison, Carr submitted a complaint against Battaglia pursuant to the Prison Rape Elimination Act ("PREA"). (Doc. 1 ¶ 26). At some point after this date, prison officials purportedly issued a "separation order" requiring Battaglia to avoid contact with Carr. (*See id.* ¶ 27). On February 20, 2015, Carr submitted a grievance asserting that Battaglia violated the separation order. (*Id.*)

After Carr was released from prison, he applied for a Protection from Abuse order ("PFA") against Battaglia. (*See id.* ¶ 28). A county judge granted the PFA on November 20, 2015, based on a finding that Battaglia had come to Carr's residence and physically assaulted him. (*Id.*) The PFA was granted

---

[3] Carr has filed a motion for leave to amend the identities of several defendants in his complaint and to add one defendant. (Doc. 10). This motion pertains to the claims that have been misjoined in this case. The motion for leave to amend will accordingly be denied as moot.

on a temporary basis. (*Id.*) Carr subsequently "chose not to show up" to a hearing before the county judge that would have potentially converted the temporary PFA into a permanent order. (*Id.*)

On June 4, 2022, Carr submitted a request to Dauphin County Prison officials for a separation order requiring Battaglia to avoid contact with him. (*Id.* ¶ 30). The request noted the previous PFA and the previous separation order. (*Id.*) Kothe purportedly responded to the request by stating, "original PREA investigation showed no PFA's filed between you and CO Battaglia. Separation will not be filed." (*Id.* ¶ 31). Carr allegedly submitted a follow-up request on June 7, 2022, in which he stated that Kothe had not found any records of PFAs because he had searched for that information using Carr's birth name rather than his married name. (*Id.* ¶ 32). Kothe again denied the request for a separation order, stating, "upon searching the portal, no record exists of a PFA being issued by Judge Curcillo ever for your current name or provided name. Stop filing false PREA allegations or you will be given a misconduct." (*Id.* ¶ 33).

On February 23, 2024, unnamed Dauphin County Prison officials imposed a separation order requiring Battaglia to avoid contact with Carr. (*Id.* ¶ 90). Battaglia allegedly violated the separation order on March 19, 2024, by coming into Carr's housing block. (*Id.* ¶ 91). Battaglia then allegedly

violated the separation order again on June 13, 2024, by coming into the medical unit when Carr was there and not leaving the area when he saw Carr. (*Id.* ¶ 93). There is no allegation that Battaglia harmed Carr in any way during these alleged violations of the separation order.

**IV.    DISCUSSION**

    **A.    Screening**

The court has conducted an initial screening of Carr's complaint and has determined that the complaint fails to state a claim upon which relief may be granted against defendant Kothe. The court liberally construes the complaint as asserting that Kothe was deliberately indifferent to the risk that Battaglia would assault Carr. To plead a prima facie deliberate indifference claim, a plaintiff must allege (1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) the defendant was deliberately indifferent to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The first element is an objective inquiry of whether the official "knowingly and unreasonably disregarded an objectively intolerable risk of harm." *Beers-Capitol v. Wetzel*, 256 F.3d 120, 132 (3d Cir. 2001). The second element is subjective: "the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Id.* at 133.

In this case, it is alleged that Kothe denied Carr's requests for a separation order requiring Battaglia to avoid contact with him in 2022 and that approximately two years later Battaglia made contact with Carr on two occasions. The court finds these allegations insufficient to state a deliberate indifference claim upon which relief may be granted. It is not clear from the complaint that Battaglia harmed Carr—or even posed a risk of harm to Carr— after Kothe denied the requested separation orders. The only allegations of harm by Battaglia occurred approximately seven years before Carr requested the separation orders, and it is not clear from the complaint that Battaglia continued to pose a threat of harm to Carr so many years later.

Furthermore, even assuming that Battaglia harmed Carr in some way when they saw each other in 2024, it is not clear from the allegations in the complaint that Kothe's actions caused this harm or even made the harm more likely: Battaglia's interactions with Carr occurred approximately two years after Kothe's actions, and other prison officials issued a separation order requiring Battaglia to avoid contact with Carr in the interim. Any connection between Battaglia's actions in 2024 and Kothe's actions in 2022 appears to be based on nothing more than speculation. The court will accordingly dismiss the deliberate indifference claim against Kothe for failure to state a claim upon which relief may be granted.

To the extent that Carr alternatively seeks to bring claims alleging that Kothe failed to enforce the terms of his earlier PFA against Battaglia or failed to follow DOC policy regarding his requests for a separation order, these claims fail as a matter of law. An individual who obtains a PFA against another individual under Pennsylvania law does not have a protected due process interesting entitling him to enforcement of the PFA. *Burella v. City of Philadelphia*, 501 F.3d 134, 143-46 (3d Cir. 2007) (citing *Town of Castle Rock, Colorado v. Gonzalez*, 545 U.S. 748 (2005)); *accord Coon v. County of Lebanon*, 111 F.4th 273, 275-76 (3d Cir. 2024). Similarly, an alleged violation of DOC policy does not by itself constitute a violation of an inmate's due process rights. *See, e.g.*, *Dominguez v. Governor of Pennsylvania*, 574 F. App'x 63, 65 n.1 (3d Cir. 2014); *McKeither v. Folino*, 540 F. App'x 76, 78 (3d Cir. 2013). The court will accordingly dismiss the complaint to the extent that it asserts any claims for alleged violations of the PFA or DOC policy.

B.   **Leave to Amend**

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The court will grant Carr leave to amend in the instant case solely with respect to his deliberate

10

indifference claim against defendant Kothe. Carr's claims against all other defendants are misjoined in violation of Federal Rule of Civil Procedure 20, while his claims against Kothe based on alleged violations of the PFA or DOC policy fail as a matter of law.

IV. CONCLUSION

For the foregoing reasons, the court will dismiss Carr's claims alleging that defendants failed to protect him from harm by D.S. and Hinkle as misjoined in violation of Rule 20, sever Carr's claim alleging interference with his mail into a separate case for which Carr will be required to file an amended complaint and pay the requisite filing fee or move for leave to proceed *in forma pauperis*, dismiss with prejudice any claims Carr attempts to assert against Kothe for violation of a PFA or violation of DOC policy, dismiss Carr's deliberate indifference claim against Kothe without prejudice, and grant Carr leave to amend solely with respect to his deliberate indifference claim against defendant Kothe. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated:   September 25, 2024**
24-1085-01